IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
...ICE, SC
2006 SEP 29 A 9: 42

| | |
|---|---|
| TIMOTHY A. WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 4:04-cv-22940-TLW-TER |
| ) | |
| CITY OF NORTH MYRTLE BEACH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER

The plaintiff, Timothy A. Ward, filed his complaint on November 10, 2004 against the defendant, the City of North Myrtle Beach. (Doc. #1). The plaintiff alleges that he was terminated from employment with the defendant as a result of racial bias. He is asserting a cause of action pursuant to the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, and state law claims for outrage and negligence. The defendant filed an answer to the complaint on December 6, 2004. (Doc. #4). On September 9, 2005, the defendant filed a motion for summary judgment. (Doc. #11). The plaintiff filed his response in opposition to the motion for summary judgment on September 28, 2005 and the defendant filed a reply to the response to motion for summary judgment. (Docs. # 15, # 20). A hearing was conducted on the pending motion for summary judgment by the Honorable Magistrate Judge Thomas E. Rogers III on August 9, 2006. (Doc. #23). This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Rogers. (Doc. #26). In the Report, the magistrate judge recommends that the City of North Myrtle Beach's motion for summary judgment be granted. Id. The plaintiff filed objections to the Report on September 5, 2006. (Docs. #28). The defendant filed a response to plaintiff's

objections on September 20, 2006. (Doc. #29). A hearing on the motion for summary judgment was conducted by the undersigned on September 26, 2006. (Doc. #31).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed the Report, as well as the memorandum, exhibits, and objections submitted by each party.

## STANDARD OF REVIEW

The magistrate judge has noted the appropriate standard of review. This Court reiterates the standard which applies in evaluating a motion for summary judgment.

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving part is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the nonmoving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material

element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. Of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admission on file, together with ... affidavits, if any." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Cray Communicatons, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ANALYSIS

The magistrate judge has provided a general outline of the appropriate statutory and case law relevant to the analysis that applies in a Title VII discrimination case. The Court reiterates this case law.

There are two methods of proving a case of intentional discrimination under Title VII: the method set forth in the Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) (mixed-motive) and the method established in McDonnell Douglas Corp. V. Green, 411 U.S. 792 (1973) (pretext).[1] Under the mixed-motive method, a plaintiff must present sufficient evidence, direct[2] or circumstantial, that, despite the existence of legitimate, non-discriminatory reasons for the adverse employment action, an illegal factor (i.e., race) was a motivating factor in that decision. Hill v. Lockheed Martin Logistics Mgmt, Inc., 354 F.3d 277 (4th Cir. 2004). Plaintiff need not show race was the sole motivating factor, but only that it was a motivating factor. Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003). The racial bias must come from a relevant decisionmaker.[3] Also, the protected trait "must have actually played a role in the employer's decision making process and had a determinative influence on the outcome." Hill, 354 F.3d at 286.

Regardless of the method of analysis employed, "[t]he ultimate question in every

---

[1] Hill v. Lockheed Martin Logistics Mgmt, Inc., 354 F.3d 277 (4th Cir. 2004).

[2] Direct evidence "is evidence of conduct or statements that both reflect directly on the alleged discriminatory attitude that bear directly on the contested employment decision." Fuller v. Phipps, 67 F.3d 1137, 1142 (4th Cir. 1995). It is evidence that by itself, proves the existence of a fact without inferences or presumptions. Thomas v. Savannah River Co., 21 F.Supp.2d 551, 560 (D.S.C. 1997)(internal citation omitted).

[3] See Hill, 354 F.3d at 291 ("an employer will be liable not for the improperly motivated person who merely influences the decision, but for the person who in reality makes the decision.").

4

employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." Hill, 354 F.3d at 286. Plaintiff must produce sufficient evidence upon which a reasonable juror could find that the protected trait actually motivated the employer's decision. Id.

The magistrate judge's analysis is detailed, complete, and persuasive. He concludes that to "infer [Oliver] was pressured by his supervisor...would be speculative," and, "would require inference upon inference that amounts to speculation." (Doc. #26). Further, the magistrate judge states that the "evidence, direct or circumstantial, presented, is insufficient to show plaintiff's race was a factor in the decision to terminate his employment." While this Court acknowledges the thoughtful analysis of the magistrate judge's legal and factual conclusions, this Court simply reaches a different conclusion in a case that is close.

Regarding specific evidence, the parties apparently agree that Oliver is the primary witness, if not the only witness in this case, that enables the plaintiff to survive summary judgment. Without Oliver, the plaintiff does not have sufficient evidence to avoid summary judgment. Oliver provided testimony before the Employment Security Commission. His deposition was not taken by either party to this action. Without his deposition, many questions remain unresolved. The defendant argues strenuously that the unanswered questions warrant a grant of summary judgment.

As noted, the magistrate judge has submitted the facts in detail in the Report and Recommendation. (Doc. #26). They are incorporated by reference in this order. The detailed facts will not be restated herein. This Court, however, highlights certain relevant testimony by Oliver before the Employment Security Commission.

> [OLIVER]    The thing that I'm ashamed about is the poor

evaluation...I gave him a poor evaluation and I should not have done that...I felt pressured...Under no circumstances would I have ever fired Tim because he was too valuable to me...I gave him the poor evaluation which caused some of his problems now, but that's my fault; that's not his fault, and I'm sorry for that, Tim...But I don't think Tim would've been in that position had I done my job properly as far as the evaluations was concerned and done things my way instead of getting opinions from other people and notes from other people to fire him and that kind of stuff...

[HEARING OFFICER] What kind of evaluation should he have gotten?
[OLIVER] He should've gotten better than average.
[HEARING OFFICER] Why did you give him the bad evaluation?
[OLIVER] Do I have to get into that? I don't want to get into that.
[HEARING OFFICER] Was it justified?
[OLIVER] No.
[HEARING OFFICER] Did he deserve it?
[OLIVER] No.

[HEARING OFFICER]: ...Did race play any part in that evaluation, in his getting a low evaluation
[OLIVER]: I think that it could have.

[HEARING OFFICER]: ...Were you ever told by anybody in supervisor authority in the city that the recreation program in North Myrtle Beach was a 'white' program?
[OLIVER]: The only comment I can remember is that, "this is a white community and they're not going to stand for that kind of stuff. (Doc. #11, Depo. of Ward, Exhibit 20, pp.73-75). [Emphasis added].

This Court has stated and the parties are well aware of the analysis set forth in the Report and Recommendation. This Court concludes that an inference favorable to the plaintiff does arise from the facts in the record based on Oliver's testimony before the Employment Security Commission.

6

That inference is that the evaluation written by Oliver and relied on by his supervisor, Timmerman, was a product of improper motive and that race was a motivating factor in deciding to place the plaintiff on probation in December 2002. The fact that the plaintiff was on probation was a key factor in his dismissal. Arguably, the evaluation by Oliver, which he "felt pressured" to produce, caused the plaintiff's termination. Oliver further states that (i) race "could have" played a part in the evaluation he prepared, (ii) the recreation program was a "white program," and, (iii) he did not want to state why the bad evaluation was given to the plaintiff.

Clearly, there are many questions unresolved by the evidence of record. Oliver has not stated who pressured him to write the December 2002 evaluation. As well, Oliver's testimony does not provide a clear link to the decisionmakers who terminated Ward. However, this Court, at this stage, will not grant summary judgment, because Oliver's testimony does allow an inference to be drawn that the decisionmakers applied the pressure on Oliver to write a bad evaluation based on an unlawful motive. This Court draws an inference not reached in the Report and Recommendation. However, at this stage, this Court is required to consider the facts in the light most favorable to the plaintiff and to draw reasonable inferences in his favor. As noted, there are other inferences that can be drawn from the evidence.

This case may proceed to trial. The Court will listen carefully to the Oliver testimony should the case proceed to trial. Presumably, there will be testimony in addition to that given before the Employment Security Commission. Oliver's testimony at trial will be evaluated to determine whether or not the inferences drawn by this Court at this stage remain valid.

## CONCLUSION

After careful consideration, this Court declines to adopt the Report and Recommendation as it relates to summary judgment on the Title VII claim. (Doc. #26). The defendant's motion for summary judgment on this claim is **DENIED**. (Doc. #11). This Court does adopt the Report and Recommendation regarding the state law claims.

**IT IS SO ORDERED**.

S/ Terry L. Wooten
Terry L. Wooten
United States District Judge

September 28, 2006
Florence, South Carolina